NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERONIMO MARCOS-SANTIAGO, AKA Santiago Geronimo Marcos, AKA Geronimo Marcos Santiago, AKA Marcos Santiago Geronimo, AKA Geronimo Santiago Marcos,<br><br>      Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No.   16-71596<br><br>Agency No. A205-299-991<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022**
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Gerónimo Marcos-Santiago petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from the immigration judge's ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying his application for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), we dismiss the petition in part and deny it in part.

1. We have jurisdiction to review the agency's decision to deny cancellation of removal to the extent Marcos-Santiago argues that the IJ "incorrectly relied on" *In re Andazola-Rivas*, 23 I. & N. Dec. 319 (B.I.A. 2002), and instead "should have applied" *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) ("[W]hether an IJ failed to apply a controlling standard governing a discretionary determination is a question over which we have jurisdiction under [8 U.S.C.] § 1252(a)(2)(D)."). The IJ did not err by citing *Andazola-Rivas*, which is one of "the starting points for any analysis of exceptional and extremely unusual hardship," *Gonzalez Recinas*, 23 I. & N. Dec. at 469, and we deny the petition for review to the extent Marcos-Santiago argues otherwise.

We lack jurisdiction to review the agency's decision regarding cancellation of removal insofar as Marcos-Santiago argues that the BIA's "application of [*Gonzalez Recinas*] to the facts" of his case was "flawed." *See Mendez-Castro*,

2

552 F.3d at 979. Similarly, Marcos-Santiago's argument that the BIA did not consider a specific factor—his separation from his children—"is inherently intertwined with the IJ's assessment of the facts, which we lack jurisdiction to review." *Id.* We therefore dismiss the petition for review to the extent it challenges these aspects of the BIA's decision.

2. We deny the petition for review to the extent it challenges the denial of asylum. The agency found that Marcos-Santiago's asylum application was untimely and that he lacked any valid justification for the late filing. These findings dispose of his asylum claim, and he fails to address them in his brief here. Therefore, he has forfeited any such challenge. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

3. We deny the petition for review to the extent it challenges the denial of withholding of removal. The BIA did not err in finding that Marcos-Santiago failed to establish "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). Marcos-Santiago never clearly identified the particular social group to which he belongs accounting for any persecution he will suffer in Mexico. Based on the limited evidence Marcos-Santiago presented, the IJ reasonably rejected as insufficiently particular a group of returnees whom criminals assaulted based on the perception that the returnees were "relatively well-to-do." *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150, 1151–52 (9th Cir. 2010) (holding

3

that "returning Mexicans from the United States" who were "targeted as victims of violent crime" is "too broad to qualify as a cognizable social group"); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1227 (9th Cir. 2016) (rejecting proposed group of "imputed wealthy Americans").

4.    We deny the petition for review to the extent it challenges the denial of CAT relief.  The BIA properly denied CAT relief on waiver grounds.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) ("[T]he [BIA] does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained.").  Before the BIA, Marcos-Santiago failed to challenge the IJ's dispositive finding "that he did not meet his burden to show he is more likely than not to be tortured."  The BIA accurately characterized him as "argu[ing] only that the government acquiesces in torture"—a separate issue.

**PETITION DISMISSED in part and DENIED in part.**